FILED'09 MAY 20 09:19 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES I. SPINKS, | Civ. No. 08-6266-AA |
|     Plaintiff, | OPINION AND ORDER |
|     v. | |
| CHEALSEA S. LEWANDOWSKI, FORD MOTOR CREDIT, a Delaware Corp., HOOPER, ENGLUND and WEIL LLP, CARLA M. FRENCH, and JAMES MURCHISON, | |
|     Defendants. | |

AIKEN, Chief Judge:

    On August 22, 2008, plaintiff filed a "Civil Complaint/Suit in Equity." Plaintiff's suit arises from a debt owed by plaintiff to defendant Ford Motor Credit and a writ of garnishment to collect on such debt filed by individual defendant Lewandowski, an attorney with defendant Hooper, Englund and Weil, LLP. Defendants French and Murchison are Circuit Court employees in Marion County, where the writ of garnishment was issued.

1   - OPINION AND ORDER

All defendants move to dismiss plaintiff's claims. Defendants argue that plaintiff's complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). I agree. Further, I find that these deficiencies cannot be cured and that dismissal is required.

Essentially, plaintiff alleges that defendants imposed a condition of involuntary servitude and peonage by collecting on a money judgment owed by plaintiff, citing various criminal and civil statutes. See 18 U.S.C. §§ 241, 1581, 1584; 42 U.S.C. § 1994. However, the criminal statutes cited by plaintiff do not authorize a private cause of action by an individual. Buchanan v. City of Bolivar, 99 F.3d 1352, 1357 (6th Cir. 1996); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989). Moreover, plaintiff does not allege that he was forced to work to pay off his debt. United States v. Kozminski, 487 U.S. 931, 931 (1988); Craine v. Alexander, 756 F.2d 1070 (5th Cir. 1985). Therefore, plaintiff fails to state a claim for involuntary servitude or peonage.

Plaintiff also references a violation of his civil rights, which I liberally construe to be a claim asserted under 42 U.S.C. § 1983. Plaintiff does not clarify what right was violated or by whom. Regardless, defendants French and Murchison are immune from suit for their alleged actions in issuing the writ, as those actions were related to the exercise of judicial functions. Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979). Likewise,

2    - OPINION AND ORDER

Lewandowski's actions taken in the course of judicial proceedings on behalf of a client are privileged. See Mantia v. Hanson, 190 Or. App. 412, 417-18, 79 P.3d 404 (2003). Finally, Lewandowski, as a private attorney, and Ford Motor Credit and Hooper, Englund & Weil, as private entities, are not "state actors" and cannot be held liable for alleged constitutional violations under § 1983.

Generally, a *pro se* plaintiff is given the opportunity to amend a complaint and cure any deficiencies identified by the court. However, the deficiencies cannot be cured in this case.

The crux of plaintiff's claim is that it was unlawful for Ford Motor Credit, through its attorneys, to garnish monies from plaintiff's bank account. Plaintiff is incorrect. To enforce a money judgment against a debtor, a creditor may pursue various options - including a writ of garnishment - to collect the monies owed. See Or. Rev. Stat. §§ 18.602, 18.605(a). If plaintiff disagreed that the monies in his bank account were subject to garnishment, plaintiff could have challenged the writ of garnishment in state court. Or. Rev. Stat. § 18.700.[1] Plaintiff cannot challenge it in this court.

---

[1] To the extent plaintiff challenges the money judgment entered against him and in favor of Ford Motor Credit, plaintiff cannot challenge that judgment in this court. Review of a final state court decision by a federal court is prohibited under the Rooker-Feldman doctrine of the United States Supreme Court. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983). Instead, plaintiff was required to seek review of the judgment in the Oregon Court of Appeals.

3    - OPINION AND ORDER

## Conclusion

Plaintiff fails to state a claim for which relief may be granted against any defendant. Further, amendment of plaintiff's complaint would be futile. Accordingly, defendants' Motions to Dismiss (docs. 7, 9, and 11) are GRANTED. This case is DISMISSED. IT IS SO ORDERED.

Dated this 19 day of May, 2009.

_____
Ann Aiken
United States District Chief Judge